NOWLIN *v.* MAGNOLIA PETROLEUM COMPANY.

5-1605                          314 S. W. 2d 509

Opinion delivered June 23, 1958.

*T. O. Abbott* and *R. H. Peace,* for appellant.

*John M. Lofton, Jr.,* and *Owens, McHaney, Lofton & McHaney,* for appellee.

SAM ROBINSON, Associate Justice.   It appears from the pleadings in this case that a certain piece of property in Hampton is owned by appellee C. N. Primm; that Primm leased the property to appellee Magnolia Petroleum Company, and Magnolia in turn subleased it to appellee J. H. Hannegan.   According to the pleadings the lease from Primm to Magnolia provides: "In case of destruction of the premises by fire, explosion, storm, or otherwise, Lessors agree to immediately repair same and replace them in good and proper condition for operation of said service station, and Lessee agrees to repair or replace its said equipment with a view to returning said station to its original condition for the operation of a service station as quickly as possible.   During the period of said repairs the rents herein provided for shall cease, but as soon as the repairs are finished and Lessee re-occupies the premises, the

rent shall resume upon the same terms, and such periods of time shall be deducted in calculating the term of this lease."

The complaint alleges that on October 9, 1955, a building on the property was destroyed by fire and that a sheet of metal from the roof of the burned building was left protruding over the sidewalk; that on November 2nd Margarett Ann Nowlin, a minor, struck her leg against this piece of metal, causing a serious injury. The complaint alleges that the defendants were negligent in not removing the sheet of metal from the walkway and that as a result of such negligence Margarett Ann was injured. At the conclusion of the testimony presented by the plaintiffs, the court instructed a verdict for Magnolia Petroleum Company and Hannegan. The court allowed the case to proceed against Primm, and the jury returned a verdict in his favor. On appeal appellants contend that the trial court erred in directing a verdict in favor of Magnolia and Hannegan.

The record contains no evidence introduced up to the time the court directed a verdict for Magnolia and Hannegan. Later in the trial the defendant C. N. Primm introduced a witness, one Lawrence Primm, and appellants contend that from this witness' testimony it can be determined that Magnolia and Hannegan still had some duty in connection with removing the debris from the property after the fire. But even if Lawrence Primm's testimony could be so construed, it could not benefit appellants, as Primm's testimony had not been introduced in evidence and was not a part of the record at the time the court gave the instructed verdict in favor of Magnolia and Hannegan. When the court gave the instructed verdict, plaintiffs had closed their case, and the court had the benefit of no evidence except that which had been produced by appellants, and so far as the record shows at that point appellants had failed to make out a case against Magnolia and Hannegan.

**Affirmed.**